# EXHIBIT B

## Filing Details

**Filing ID:** 825300 **Authorized Date:** 3/16/2011 4:46:40 PM

| | |
|---|---|
| **Filer's Information** | Eva  Pintor<br>**Email:** eva.pintor@odnss.com |
| **Firm Information** | Ogletree Deakins<br>2415 East Camelback Road, Suite 800<br>Phoenix, AZ  85016<br>**Phone:** 602-778-3749 |
| **Case Number** | CV2010-027856 |
| **Case Summary** | Alkhalloufi Vs. Frys Food And Drugs / Mangum, J |
| **Attorney Information** | **Bar No.:** 022547 - **State:** AZ - **Email:** caroline.larsen@odnss.com |
| **Filing Fee** | $0 |

## Documents Attached to Filing

| Document Title | Document Type |
|---|---|
| Notice of Filing Notice of Removal | Notice Of Removal US District Court |
| Exhibit 1 | Exhibit |

If you have any questions about your filing, please contact us:

| **Clerk of Court Address** | **eFiling Support Phone** |
|---|---|
| 201 West Jefferson<br>Phoenix, Arizona 85003 | 602-506-2565 |

**Clerk of Court Web Site**
http://clerkofcourt.maricopa.gov

L. Eric Dowell, SBN 011458
Caroline Larsen, SBN 022547
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C., SBN 00504800
Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, AZ 85016
Telephone: 602.778.3700
Fax: 602.778.3750
eric.dowell@ogletreedeakins.com
caroline.larsen@ogletreedeakins.com

Attorneys for Defendant Smith's Food & Drug
Centers, Inc., dba Fry's Food Stores

SUPERIOR COURT OF ARIZONA

MARICOPA COUNTY

| | |
|---|---|
| Jawad Alkahalloufi,<br><br>                        Plaintiff,<br><br>        v.<br><br>Smith's Food & Drug Centers, Inc., an<br>Arizona Corporation, dba Fry's Food<br>Stores ("Fry's"),<br><br>                        Defendant. | No. CV2010-027856<br><br>**NOTICE OF FILING NOTICE OF REMOVAL** |

To the Clerk of the above-entitled Court:

PLEASE TAKE NOTICE that Defendant Smith's Food & Drug Centers, Inc., dba

Fry's Food Stores ("Defendant") has timely filed its Notice of Removal of this action

with the United States District Court, District of Arizona.   A copy of the Notice of

Removal filed in the United States District Court is attached hereto as Exhibit "1."

///

///

///

DATED this 16th day of March 2011.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By:    s/ Caroline Larsen
       L. Eric Dowell, SBN 011458
       Caroline Larsen, SBN 022547
       Esplanade Center III, Suite 800
       2415 East Camelback Road
       Phoenix, AZ 85016
       Attorneys for Defendant Smith's Food &
       Drug Centers, Inc., dba Fry's Food Stores

2

1

## CERTIFICATE OF SERVICE

2

3     I hereby certify that the on the 16th day of March, 2011, I electronically filed the

4     attached document.

5     AND a copy of the foregoing
      document was served by mailed
6     this same day on:

7     Michelle L. Kunzman
      Gillespie Shields & Durrant
8     7319 North 16th Street, Suite 100
      Phoenix, Arizona 85020-5262
9

10    Attorneys for Plaintiff

11

12    By: s/ Eva A. Pintor

13    9927227.1 (OGLETREE)

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ESPLANADE CENTER III, SUITE 800
2415 EAST CAMELBACK ROAD
PHOENIX, AZ 85016
TELEPHONE: 602.778.3700

# EXHIBIT 1

1    L. Eric Dowell, SBN 011458
     Caroline Larsen, SBN 022547
2    OGLETREE, DEAKINS, NASH, SMOAK &
     STEWART, P.C., SBN 00504800
3    Esplanade Center III, Suite 800
     2415 East Camelback Road
4    Phoenix, AZ 85016
     Telephone: 602.778.3700
5    Fax: 602.778.3750
     eric.dowell@ogletreedeakins.com
6    caroline.larsen@ogletreedeakins.com

7    Attorneys for Defendant Smith's Food & Drug
     Centers, Inc., dba Fry's Food Stores

8

9

                UNITED STATES DISTRICT COURT

10

                  DISTRICT OF ARIZONA

11

12    Jawad Alkahalloufi,               No.

13             Plaintiff,

14                            **NOTICE OF REMOVAL**

15      v.

16    Smith's Food & Drug Centers, Inc., an
     Arizona Corporation, dba Fry's Food
17    Stores ("Fry's"),

18             Defendant.

19

20      To the Clerk of the Court:

21         PLEASE TAKE NOTICE that Defendant Smith's Food & Drug Centers, Inc., dba

22    Fry's Food Stores hereby removes to this Court the state court action described below.

23         On September 27, 2010, Plaintiff Jawad Alkahalloufi ("Plaintiff") filed a

24    Complaint in the Superior Court of the State of Arizona, County of Maricopa. The action

25    is captioned *Jawad Alkahalloufi v. Smith's Food & Drug Centers, Inc., an Arizona*

26    *Corporation, dba Fry's Food Stores ("Fry's")*, Case No. CV2010-027856. Plaintiff filed

27    a First Amended Complaint on February 15, 2011. Smith's Food & Drug Centers, Inc.

28    was served with a copy of the First Amended Complaint and Summons on February 14,

1   2011.  Defendant is filing this Notice within thirty (30) days of its receipt of these

2   documents.

3      By signing below, counsel for Smith's Food & Drug Centers, Inc. verifies that a

4   true and correct copy of the First Amended Complaint served upon the Defendant is

5   attached hereto as Exhibit "A."  Aside from the First Amended Complaint, Summons and

6   Certificate of Compulsory Arbitration, there have not been any other forms of process,

7   pleadings, or orders served on the Defendant in this matter.

8      This is a civil action in which Plaintiff claims that Defendant violated federal

9   statutes, specifically Title VII of the Civil Rights Act of 1964 as amended ("Title VII")

10  and 42 U.S.C. § 1981, by engaging in alleged discriminatory and retaliatory conduct.

11  Accordingly, removal is authorized by 28 U.S.C. § 1331.

12     Defendant served a copy of this Notice on Plaintiff's counsel.  Defendant also

13  filed a copy of this Notice with the clerk of Superior Court of the State of Arizona,

14  County of Maricopa, from where the action is being removed, pursuant to Rule 3.7(a),

15  Local Rules of the United States District Court for the District of Arizona.  A copy of the

16  Notice filed with the state court clerk is attached hereto as Exhibit "B."

17     This Notice is signed pursuant to Rule 11, Federal Rules of Civil Procedure, as

18  required by Local Rule 3.7(a).

19

20

21

22

23

24

25

26

27

28

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ESPLANADE CENTER III, SUITE 800
2415 EAST CAMELBACK ROAD
PHOENIX, AZ 85016
TELEPHONE: 602.778.3700

RESPECTFULLY SUBMITTED this 16th day of March, 2011.

OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.


By:    s/ Caroline Larsen
       L. Eric Dowell
       Caroline Larsen
       Esplanade Center III, Suite 800
       2415 East Camelback Road
       Phoenix, AZ  85016
       Attorneys for Defendant Smith's Food &
       Drug Centers, Inc., dba Fry's Food Stores

3

1

**CERTIFICATE OF SERVICE**

2         I hereby certify that on the 16th day of March, 2011, I electronically transmitted

3     the attached document to the Clerk's Office using the CM/ECF System for filing and

4     transmittal of a Notice of Electronic Filing to the following CM/ECF registrants.

5

6     AND a copy of the foregoing
    document was served by mailed this
7     same day on:

8     Michelle L. Kunzman
    Gillespie Shields & Durrant
9     7319 North 16th Street, Suite 100
    Phoenix, Arizona 85020-5262
10

    Attorney for Plaintiff
11

12

13     s/ Eva Pintor

14     9935832.1 (OGLETREE)

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, AZ 85016
Telephone: 602.778.3700

4

# EXHIBIT A

1  **Michelle L. Kunzman**
   State Bar of Arizona #024134
2  GILLESPIE SHIELDS & DURRANT
   7319 North 16th Street, Suite 100
3  Phoenix, Arizona 85020-5262
   Telephone: (602) 870-9700
4  Fax: (602) 870-9783
   E-mail: mkunzman@gillaw.com
5
   Attorneys for Plaintiff
6

7           IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

8
            IN AND FOR THE COUNTY OF MARICOPA
9

10                                    )    Case: CV2010-27856
                                      )
11  Jawad Alkahalloufi,               )        FIRST AMENDED
                                      )   COMPLAINT AND DEMAND FOR
12                                    )          JURY TRIAL
    Plaintiff,                        )
13                                    )
                                      )
14       v.                           )        (Assigned to)
                                      )
15  Smith's Food & Drug Centers, Inc, an )
16  Arizona Corporation, dba Fry's Food )
    Stores ("Fry's")                  )
17                                    )
                                      )
18  Defendant.                        )

19  ─────────────────────────────────

20

21       Plaintiff Jawad Alkahalloufi, by Michelle L. Kunzman, of Gillespie, Shields &

22  Durrant, P.A., his undersigned attorney of record, files this First Amended Complaint

23  and Demand for Trial by Jury against Defendant, Smith's Food and Drug Centers, Inc.,

24  an Arizona Corporation, dba Fry's Food Stores (hereinafter "Fry's"), for his claims for

25  national original discrimination and retaliation in violation of Title VII of the federal

26

Civil Rights Act of 1964, as amended, specifically 42 U.S.C. 2000e-3(a) (**COUNT ONE**), and multiple violations of 42 U.S.C. 1981 (racial discrimination in employment contract) (**COUNT TWO**). This Complaint and Demand is filed pursuant to Arizona Rules of Civil Procedure, Rules 3, 7(a)1, 8(a), 15(a) and 38(a,b).

## FACT ALLEGATIONS AND JURISDICTION

1. The Plaintiff, Jawad Alkahalloufi ("JA") is, and has been at all times material to this Complaint, an adult resident of Maricopa County, Arizona.

2. The Defendant, Smith's Food & Drug Centers, Inc, dba Fry's Food Stores, ("Fry's"), is an Arizona corporation which owns and operates grocery stores in Maricopa County, Arizona, and has its principal place of business in Maricopa County, Arizona.

3. At all times material to this Complaint, JA was a Lost Prevention Agent ("LPA") and was employed as such by Fry's at its location at 5305 West Buckeye Road, Phoenix, Arizona 85043.

4. All claims herein arise under federal law, to-wit: 42 U.S.C. 2000e-3(a), and 42 U.S.C. 1981.

5. At all times material to this Complaint:

  (A) Fry's was the "employer" of JA as that term is defined in 42 U.S.C. 2000e (B); and

  (B) JA was an "employee" of Fry's as that term is defined in 42 U.S.C. 2000e (F); and

  (C) Fry's employed over 500 persons.

6.  Based upon the foregoing, supra, Arizona Superior Court has jurisdiction for this action pursuant to 28 U.S.C. 1331, 28 U.S.C. 1343(a) 4, 42 U.S.C. 1988(a), and 42 U.S.C. 2000e-5(f) 1 & 3.

7.  JA was born and grew up in Morocco, and Morocco is his national origin. His primary language is Arabic, but he has also become fluent in English, Italian, French, and Spanish, as well. He speaks clear English with an Arabic and French accent.

8.  JA has black hair, brown eyes, and a dark complexion, and does not appear to be Caucasian.

10.  JA commenced his employment as a Lost Prevention Agent (LPA) for Fry's on or about May 20, 2007. LPA's are assigned to zones; different geographical areas within the Phoenix metropolitan area. JA was initially assigned to zone 2, which is on or around the South Phoenix area and reported to Jeff Evans.

11.  In or around 2009, JA was transferred to zone 1, which is located in West Phoenix and reported to Frank Robinson.

12.  Shortly after the transfer, Jeff Evans was transferred to Zone 1 and became JA's supervisor again.

13.  Toward the later part of 2009, JA was transferred back to South Phoenix, where Frank Robinson was the supervisor at that time.

14.  During the majority of JA's employment, JA had different supervisors and worked in different locations without any negative performance reviews or work issues.

15.  In and around end of 2009 and/or the beginning of 2010 JA was treated differently and disparaged negatively by another supervisor of LPA's, Eric McCorvey.

16.  Mr. McMcorvey stated on numerous occasions to other LPA's that JA was a poor agent (criticizing the low value of his focused efforts) and claiming he made "bad

stops" without any basis for making these false allegations.    These comments were witnessed by other employees.

17.    On or about February 10, 2010 JA first reported the negative comments to his supervisor, Frank Robinson.  Mr. Robinson informed JA that he would investigate. He also acknowledged that Mr. McCorvey had been treating him this way and he did not understand why.

18.    On or about February 22, 2010, after Mr. Robinson had returned from a vacation, JA followed up with Mr. Robinson about his alleged investigation.  He indicated he was still looking into the issue.

19.    On or about February 22, 2010, after speaking with Mr. Robinson, JA contacted Mr. Robinson's superior, and the Loss Prevention Manager, Mr. Joe Kolpelic about his concerns.  He assured JA that he would investigate.

20.    From February 22nd to on or about April 30th, JA tried to resolve the issues through management of the defendant, including Mr. Kolpelic, Mr. Robinson, and HR, Pete Trimoili. HR, through telephonic and email communications. He explained that he believed that he was being targeted and discriminated against because of his national origin, religion and speech.

21.    JA was repeatedly told by Management that his concerns were being "investigated."  To this date, JA has never received any follow up information or communication regarding his concerns about how he was been treated or any information on the alleged "investigation."

22.    On June 10, 2010, Mr. Kolpelic, Lost Prevention Manager, held a department meeting for all of the agents and the supervisors to discuss a new shop lifting policy.  During the meeting, employees raised the concern of fair and equal treatment of LPA's regarding "stops."  Management assured LPA's that all employees would be treated equal in the application of the policy.

4

23.    Immediately after the meeting, Caucasian employees violated the policy and were not disciplined. JA and another employee, not Caucasian, were held to a different standard than similarly situated LPA employees, of a different race, national origin, religion, and were disciplined, unlike their peers as described below.

24.    On or about June 17, 2010, JA received an "Associate Corrective Action" for allegedly failing on May 3, 2010 to "check all of the suspected shoplifter's bags resulting in a loss of merchandise." JA had stopped the suspect and checked one bag but when he noticed that the agents who had been harassing him where watching him, he forgot to check the second bag. The agents reported the "bad stop" and wanted JA fired. JA's supervisor spoke with him about his stop.

25.    On June 27, 2010, JA made a stop of a juvenile female suspect for stealing a DVD. The suspect took the DVD into the bathroom and came out of the bathroom without the DVD. The store's greeter told the suspect that security was going to stop her by the door for possible theft. The suspect approached the door and relinquished the DVD from her hidden possession and confessed to both JA and her parents that were present.

26.    JA was suspended from June 28 to July 1, 2010 without pay during an investigation.

27.    Fry's has an LPA manual that articulates the policies/procedures on detentions. Nowhere in the manual does it specifically articulate the polices and/or procedures on "bathroom" detentions.

28.    On July 2, 2010 JA was terminated from employment based on the aforementioned incident being akin to a "bad stop", but again, there are no clearly stated policies in the LPA manual outlining the course of action and LPA should take when performing a "bathroom" detention.

29.    As part of the termination process, as indicated on the Notice of Separation document Fry's determined JA would not be eligible for re-employment.

30.    Other similarly situated LPA's; Rogers, Livingston and Peters, are all caucasian, and upon good faith information and belief, born in the United States and have not been disciplined for similar or more egregious infractions.   Rogers was recently terminated for a bad stop but, unlike JA, Rogers is eligible for rehire.

31.    JA has made diligent efforts to mitigate his lost income damages through various job searches but has been unable to secure employment.

32.    Fry's failed to act in a responsible and necessary manner to remedy the offensive, harassing, and discriminatory treatment that the JA was being forced to endure in order to maintain his employment.

33.    Fry's acted with knowing and/or reckless disregard of the law and/or an evil and/or malicious intent by failing to remedy the racial and national origin harassment and hostile work  environment the Plaintiff was forced to endure on a daily basis.

34.    Based upon these facts preceding July 6, 2010, on that date, JA filed a timely "charge of discrimination" with the United States Equal Employment Opportunity Commission ("EEOC") alleging that he was discriminated against based on his national origin discrimination. A true copy of that EEOC charge is attached as Exhibit #1 infra, and incorporated herein by reference pursuant to Federal Rules of Civil Procedure Rule 10(c).

35. On September 3, 2010, the EEOC issued and mailed to JA its dismissal and notice of suit rights for charge #540-2010-03004 supra, authorizing this Complaint. A true copy of that EEOC dismissal and notice is attached as Exhibit #2 infra, and incorporated herein by reference pursuant to Federal Rules of Civil Procedure Rule

10(c).  His Title VII discrimination claim was filed in the original Complaint within ninety days of her receipt of that dismissal and notice,  Dkt. #1, and has been amended and set forth again herein.

36. As the direct and proximate result of Fry's conduct alleged herein, JA has suffered damages including, inter alia, depression, stomach infection/ulcer, high blood pressure, humiliation, embarrassment, a loss of income which continues to the present date, serious harm to his professional reputation as the result of the false stop that was alleged an placed in his file, the designation of being ineligible for rehire, and the loss a promising career which he planned to continue with at Fry's until retirement, a loss of self-esteem, and loss of the relationships with many of his co-workers he enjoyed at Fry's.

## DEMAND FOR TRIAL BY JURY

The Plaintiff demands a trial by jury, pursuant to the U.S. Constitution Seventh Amendment, Federal Rules of Civil Procedure Rule 38 (a,b), and 42 U.S.C. 1981a (a,c).

## RELIEF REQUESTED

Based upon the foregoing, Plaintiff JA respectfully requests judgment and orders granting him the following relief against Defendant FFD on his claims as follows:

COUNT ONE: RETALIATION IN VIOLATION OF 42 U.S.C. 2000e-3(a):

1. Compensatory damages

2. Punitive damages

3. Injunctive relief

4. Reasonable attorney's fees and expert fees, pursuant to Federal Rules of Civil Procedure Rule 54(d) 2, and 42 U.S.C. 2000e-5(k)

7

5.  Taxable costs pursuant to Federal Rules of Civil Procedure, Rule 54(d)1, and 28 U.S.C 1920

## COUNT TWO: VIOLATION OF 42 U.S.C. 1981 (RACIAL DISCRIMINATION IN EMPLOYMENT CONTRACT)

(Failure to Remedy Racial and National Origin Discrimination, False Discipline and False Negative Performance Review, and Wrongful Discharge)

1.    Compensatory damages

2.    Punitive damages

3.    Attorneys fees and costs pursuant to 42 U.S.C. 1988(b), 42 U.S.C. 1920, and Federal Rules of Civil Procedure, Rule 54(d)

4.    Expert fees pursuant to 42 U.S.C. 1988(c).

Dated this ___ day of February, 2011.

GILLESPIE, SHIELDS & DURRANT, P.A.

s/Michelle L. Kunzman
Michelle L. Kunzman
Attorneys for Plaintiff

## ATTACHED EXHIBITS

1. EEOC charge #540-2010-03004, filed by Plaintiff on June 17, 2010.

2. EEOC Dismissal and Notice of Rights (to Sue) for charge ##540-2010-03004, dated September 3, 2010.

///

///

8

# EXHIBIT B

1  L. Eric Dowell, SBN 011458
   Caroline Larsen, SBN 022547
2  OGLETREE, DEAKINS, NASH, SMOAK &
   STEWART, P.C., SBN 00504800
3  Esplanade Center III, Suite 800
   2415 East Camelback Road
4  Phoenix, AZ 85016
   Telephone: 602.778.3700
5  Fax: 602.778.3750
   eric.dowell@ogletreedeakins.com
6  caroline.larsen@ogletreedeakins.com

7
   Attorneys for Defendant Smith's Food & Drug
8  Centers, Inc., dba Fry's Food Stores

9

10                  SUPERIOR COURT OF ARIZONA

11                        MARICOPA COUNTY

12  Jawad Alkahalloufi,                    No.  CV2010-027856

13            Plaintiff,

14        v.                               **NOTICE OF FILING NOTICE OF
                                           REMOVAL**
15
    Smith's Food & Drug Centers, Inc., an
16  Arizona Corporation, dba Fry's Food
    Stores ("Fry's"),
17
              Defendant.
18

19

20        To the Clerk of the above-entitled Court:

21        PLEASE TAKE NOTICE that Defendant Smith's Food & Drug Centers, Inc., dba

22  Fry's Food Stores ("Defendant") has timely filed its Notice of Removal of this action

23  with the United States District Court, District of Arizona.   A copy of the Notice of

24  Removal filed in the United States District Court is attached hereto as Exhibit "1."

25  ///

26  ///

27  ///

28

1
2
3      DATED this 16th day of March 2011.
4                                    OGLETREE, DEAKINS, NASH, SMOAK &
5                                    STEWART, P.C.
6
7
8                          By:    s/ Caroline Larsen
                                  L. Eric Dowell, SBN 011458
9                                 Caroline Larsen, SBN 022547
                                  Esplanade Center III, Suite 800
10                                2415 East Camelback Road
                                  Phoenix, AZ  85016
11                                Attorneys for Defendant Smith's Food &
12                                Drug Centers, Inc., dba Fry's Food Stores
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ESPLANADE CENTER III, SUITE 800
2415 EAST CAMELBACK ROAD
PHOENIX, AZ 85016
TELEPHONE: 602.778.3700

1

## CERTIFICATE OF SERVICE

2     I hereby certify that the on the 16th day of March, 2011, I electronically filed the

3

4 attached document.

5 AND a copy of the foregoing
document was served by mailed
6 this same day on:

7 Michelle L. Kunzman
Gillespie Shields & Durrant
8 7319 North 16th Street, Suite 100
Phoenix, Arizona 85020-5262
9

10 Attorneys for Plaintiff

11

12 By:  s/ Eva A. Pintor _____

13 9927227.1 (OGLETREE)

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ESPLANADE CENTER III, SUITE 800
2415 EAST CAMELBACK ROAD
PHOENIX, AZ 85016
TELEPHONE: 602.778.3700

3